UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| Secretary of Labor, United States Department of Labor, | ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 2:17-CV-64 |
| CELANESE CORPORATION; CELANESE CHEMICALS, INC.; TICONA POLYMERS, INC.; and RODOLFO MORALES, JR. individually and BRIAN CONNELLY, individually, | ) ) ) ) ) ) | |
| Defendants. | ) | |

## **COMPLAINT**

Plaintiff, Secretary of Labor, United States Department of Labor, brings this action to enjoin Celanese Corporation, Celanese Chemicals, Inc., Ticona Polymers, Inc., Rodolfo Morales, Jr., and Brian Connelly from violating the provisions of Section 11(c) of the Occupational Safety and Health Act of 1970, 29 U.S.C. §§ 651-678 (hereinafter referred to as the Act) and for all other appropriate relief, including the payment of back wages and other benefits found due to employees of Defendants by reason of Defendants' actions in violation of the Act.

I.

Jurisdiction of this action is conferred upon the Court by Section 11(c) of the Act, 29 U.S.C. § 660(c)(2), and by 28 U.S.C. §§ 1331 and 1345.

II.

Defendant Celanese Corporation (Celanese) now, and at all times hereinafter mentioned was, a Delaware corporation operating in the State of Texas and doing business in Nueces County at Highway 77 South, Bishop, Texas 78343, within the jurisdiction of the Court. In

addition, venue is proper as a substantial part of the events or omissions giving rise to the claim occurred within this district.

III.

Defendant Celanese Chemicals, Inc. (Celanese Chemicals), now, and at all times hereinafter mentioned was, a Delaware corporation operating in the State of Texas and doing business in Nueces County at Highway 77 South, Bishop, Texas 78343, within the jurisdiction of the Court. In addition, venue is proper as a substantial part of the events or omissions giving rise to the claim occurred within this district.

IV.

Defendant Ticona Polymers, Inc. (Ticona) now, and at all times hereinafter mentioned was, a Delaware corporation operating in the State of Texas and doing business in Nueces County at Highway 77 South, Bishop, Texas 78343, within the jurisdiction of the Court. In addition, venue is proper as a substantial part of the events or omissions giving rise to the claim occurred within this district.

V.

Defendant Rodolfo Morales, Jr., an individual, resides in Texas and was employed by Defendants as a supervisor. At all times hereinafter mentioned, Defendant Morales acted directly or indirectly in the interest of the Defendants Celanese, Celanese Chemicals, and Ticona, and was therefore conducting business in Nueces County, Texas, within the jurisdiction of the Court.

VI.

Defendant Brian Connelly, an individual, resides in Texas and was and is employed as the plant manager where supervisor Rodolfo Morales and employees David Ruiz and Alfredo

Ortiz worked. At all times hereinafter mentioned, Defendant Connelly acted directly or indirectly in the interest of the Defendants Celanese, Celanese Chemicals, and Ticona, and was therefore conducting business in Nueces County, Texas, within the jurisdiction of the Court.

VII.

At all relevant times mentioned hereafter, Alfredo Ortiz and David Ruiz (Complainants) were employed by Defendants and were employees employed by an employer as defined by Sections 3(5) and 3(6) of the Act, 29 U.S.C. §§ 652(5) and (6).

VIII.

On or about July 23, 2015, and July 28, 2015, the Occupational Safety and Health Administration received complaints filed by Complainant Alfredo Ortiz and David Ruiz, respectively, both alleging that Defendants discriminated against them in violation of Section 11(c)(1) of the Act, 29 U.S.C. § 660(c)(1).

IX.

Plaintiff thereafter investigated the above complaints in accordance with Section 11(c)(2) and determined that Defendants violated Section 11(c) of the Act.

X.

Defendants discriminated against Alfredo Ortiz by cutting his overtime and then later terminating his employment on or about July 23, 2016, because he exercised rights afforded by the Act. Specifically, Alfredo Ortiz engaged in protected activity a) on or about April 24, 2015, when he complained to Supervisor Morales at a safety meeting that he needed written safety instructions before handling hazardous chemicals; b) when on the same date he emailed his supervisor to follow up on the same complaint; c) when he filed a safety complaint with OSHA on numerous matters, including ones about which he had previously complained to his

supervisor, and d) when he provided OSHA significant information concerning safety in an interview.

XI.

Defendants discriminated against David Ruiz by terminating his employment on or about July 23, 2016, because he engaged in activity protected by the Act.  Specifically, he a) repeatedly voiced concerns about safety issues to management; b) cooperated with OSHA's investigation into a safety complaint; and c) provided information to OSHA.

XII.

As a result of Defendants' discriminatory actions, Complainants incurred damages, which include loss of salary, benefits and compensation, and other monetary and non-monetary losses resulting from Defendants' illegal actions against Complainants.

XIII.

By the actions described in Paragraphs X and XI above, Defendants discriminated, and are discriminating, against Complainants because Alfredo Ortiz and David Ruiz exercised rights under or related to the Act, and Defendants engaged in conduct in violation of Section 11(c)(1) of the Act, 29 U.S.C. § 660(c)(1).

WHEREFORE, Plaintiff prays for judgment:

A.    Permanently enjoining and restraining Defendants, their officers, agents, servants, employees, and those persons in active concert or participation with them from violating the provisions of Section 11(c)(1) of the Act;

B.    Ordering Defendants to make Complainants whole by:

1)    reimbursing them for lost wages and other lost benefits that resulted from their terminations, with interest thereon from the date due until paid;

        2)      offering reinstatement to Complainants, or in lieu of reinstatement, providing them with front pay in an amount to be determined at trial;

        3)      expunging from all personnel and company records references to the circumstances giving rise to Complainants' unlawful terminations;

        4)      providing compensation to reimburse them for any costs, expenses and/or other pecuniary losses they incurred as a result of Defendants' discriminatory actions, including the costs of this action; and

        5)      providing compensation for non-pecuniary losses they incurred, including emotional pain and suffering and damage to their professional and personal reputations;

E.      Ordering Defendants to pay additional compensation to Complainants as exemplary or punitive damages in an amount to be determined at trial;

F.      Ordering Defendants to post in a prominent place for a period of 60 consecutive days a notice stating they will not in any manner discriminate against any employee for engaging in activities protected by Section 11(c) of the Act; and

G.      Ordering such other and further relief as may be necessary or appropriate.

                                                Respectfully submitted,

                                                KATHERINE E. BISSELL
Deputy Solicitor for
Regional Enforcement

JAMES E. CULP
Regional Solicitor

Address:                                        CONNIE M. ACKERMANN
Deputy Regional Solicitor

U. S. Department of Labor
Office of the Solicitor
525 Griffin Street, Suite 501
Dallas, Texas 75202                        */s/ Dolores G Wolfe*
Telephone:  (972) 850-3129        DOLORES G. WOLFE
Facsimile:  (972) 850-3101         Trial Attorney in Charge
                                                        TX Bar. No. 00794323
                                                        USSD Bar. No. 37359
                                                        wolfe.dolores@dol.gov
                                                        Attorneys for Plaintiff

RSOL Case No. 0610-16-01283