United States District Court
Southern District of Texas
**ENTERED**
June 30, 2017
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| R. ALEXANDER ACOSTA, SECRETARY OF LABOR, UNITED STATES DEPARTMENT OF LABOR, Plaintiff, | § § § § § | |
| v. | § § | CIVIL ACTION NO. 2:17-CV-64 |
| CELANESE CORPORATION; CELANESE CHEMICALS, INC.; TICONA POLYMERS, INC., RODOLFO MORALES, JR., individually and BRIAN CONNELLY, individually, Defendants. | § § § § § § | |

# Consent Judgment

The Plaintiff, Secretary of Labor, has filed his complaint and Defendants, Celanese Corporation, Celanese Chemicals, Inc., Ticona Polymers, Inc., Rodolfo Morales, Jr., and Brian Connelly (collectively Defendants), without admitting they have violated any provision of the Occupational Safety and Health Act of 1970, have agreed to the entry of judgment without opposition. The Secretary of Labor brought this action to enjoin Defendants from violating Section 11(c) of the Act and for all other appropriate relief including the payment of lost wages and all other relief found due to an employee of Defendants by reason of Defendants' actions in alleged violation of the Act. It is, therefore, upon motion of the Plaintiff and for cause shown,

ORDERED, ADJUDGED and DECREED that Defendants, and its directors, officers, agents, managers, supervisors, servants, employees and all persons in active concert or participation with it, be and they hereby are permanently enjoined and restrained from violating the provision of Section 11(c) of the Occupational Safety and Health Act of 1970, 29 U.S.C. §

651 *et seq.*, hereinafter referred to as the Act.

ORDERED, ADJUDGED and DECREED that Defendants and his agents and representatives and all persons in active concert or participation with him, be and they hereby are permanently enjoined and restrained from violating the provision of Section 11(c) of the Occupational Safety and Health Act of 1970, 29 U.S.C. § 651 *et seq.*, hereinafter referred to as the Act.

*[initials: AV JC QW AO]*

IT IS FURTHER ORDERED THAT:

1. Within ~~10~~ 30 days after ~~entry of this Consent Judgment~~ the date the parties sign this Consent Judgment, Defendants shall pay the Complainant, Alfredo Ortiz the sum of $ 70,000.    ($ 35,000. in back wages and $ 35,000. in compensatory damages), less applicable withholdings, by means of a check or check(s) made payable to Alfredo Ortiz in settlement of this action. In consideration of Defendants' payment to Complainant, the parties agree that all matters arising out of the claims in the Complaint are compromised and settled.

*[initials: AV JC QW AO]*

2. Within ~~10~~ 30 days after ~~entry of this Consent Judgment~~ the date the parties sign this Consent Judgment, Defendants shall pay the Complainant David Ruiz, the sum of $ ~~aw~~ 70,000. ($ 35,000. in back wages and $ 35,000. in compensatory damages), less applicable withholdings, by means of a check or check(s) made payable to David Ruiz in settlement of this action. In consideration of Defendants' payment to Complainant, the parties agree that all matters arising out of the claims in the Complaint are compromised and settled.

3. Defendants shall provide a neutral reference to prospective employers and others who inquire about Complainants' work history, and will provide only Complainants' dates of employment, job title, and salary.

4. Defendants shall post a Notice to Employees, attached hereto as Exhibit A, at ~~all~~ the

Consent Judgment – Page 2

Ibuprofen unit at the Bishop plant. [handwritten: & to JC]

~~its facilities~~ for a period of sixty (60) days. The notice shall be conspicuously posted on a centrally located bulletin or memo so that all employees may read it.

    5.    Defendants shall comply with the provisions of the Act and they shall not, contrary to Section 11(c)(1) of the Act, "discharge or in any manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this Act or has testified or is about to testify in any such proceeding or because of the exercise by such employee on behalf of himself or others of any right afforded by this Act." 29 U.S.C. § 660(c)(1).

It is further ORDERED that each party bear its or his own attorneys' fees, costs and other expenses incurred by such party in connection with any stage of this proceeding, including, but not limited to, attorneys' fees which may be available under the Equal Access to Justice Act, as amended.

SIGNED June 30, 2017.

                                                                    UNITED STATES DISTRICT JUDGE

| | |
|---|---|
| Defendants waive their defenses to Plaintiff's Complaint and consent to the entry of this judgment: | Plaintiff moves for entry of this judgment:<br><br>NICHOLAS GEALE<br>Acting Solicitor of Labor<br><br>JAMES E. CULP<br>Regional Solicitor<br><br>CONNIE M. ACKERMANN<br>Deputy Regional Solicitor |

By: Tiffany L. Cox  6/27/17

/s/ *[signature]*
Texas Bar No: 24050734

Ogletree, Deakins, Nash,
   Smoak & Stewart PC
112 E. Pecan St.
Suite 2700
San Antonio, TX 78205
tiffany.cox@ogletree.com
210-277-3613
210-277-2702 (fax)

By /s/ Joseph Fax
   *[signature]*
TEXAS BAR NO. 00796070

By: *[signature]* Dolores Wolfe 6/27/2017
/s/ Dolores G. Wolfe
DOLORES G. WOLFE
Texas State Bar. No. 04408327
Trial Attorney
wolfe.dolores@dol.gov

U. S. Department of Labor
Office of the Solicitor
525 Griffin Street, Suite 501
Dallas, Texas 77202
(972) 850-3100 (Telephone)
(972) 850-3101 (Telecopy)

By:
/s/ *[signature]* 27Jun17
Alfredo Ortiz, Complainant

/s/ *[signature]* 6/27/17
David Ruiz, Complainant

RSOL Case No. 06-016-01283

**EXHIBIT A**

# NOTICE TO EMPLOYEES

1. It is unlawful for an employer to discharge or in any manner discriminate against any employee for the following reasons:

    - Because the employee has filed a complaint with OSHA.

    - Because the employee has testified or is about to testify in an OSHA proceeding.

    - Because of the employee has exercised any right afforded by the Occupational Safety and Health Act either on his own behalf or on behalf of another any person.

2. It is unlawful for an employer to prohibit employees from exercising any right provided to them by the Occupational Safety and Health Act. Thus, an employer cannot prohibit an employee from:

    - Contacting, speaking with, or cooperating with OSHA officials during a safety and health inspection of the employer's facilities or work sites or in the course of any official OSHA investigation.

3. It is unlawful for an employer to intimidate employees by suggesting, implying, or threatening that if the employee contacts, talks to, or cooperates with OSHA, the employee may suffer some adverse action, such as a written reprimand, suspension, demotion, or termination.

## THIS IS AN OFFICIAL NOTICE AND MUST NOT BE DEFACED BY ANYONE

This notice must remain posted for 60 consecutive days from the date of posting and must not be altered, defaced, or covered by any other material. Any questions concerning this notice or compliance with its provisions may be directed to the Occupational Safety and Health Administration, WPP, PO Box 469, Elmendorf, Texas 78112.

**DATE OF POSTING:**_____, 2017